# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TRACY STOKES,
        Petitioner,

v.                                             Case No. 09C0542

LARRY JENKINS,
        Respondent.

## ORDER

Petitioner Tracy Stokes, incarcerated at Redgranite Correctional Institution and proceeding pro se, has filed an application for a writ of habeas corpus. Ordinarily, a habeas petitioner must pay a statutory filing fee of $5 to file an application for habeas review in federal court. 28 U.S.C. § 1914(a). The present petitioner, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Under § 1915, an indigent party may commence a federal court action, including a petition for habeas corpus relief, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Because the statutory filing fee for an application for a writ of habeas corpus is only $5, however, a petitioner will rarely have insufficient income or assets to pay the fee.

Petitioner has filed the required affidavit of indigence. Upon review of that affidavit, the court is satisfied that petitioner is unable to pay the $5 filing fee. Plaintiff asserts that

he currently earns about $30 a month, and that all of that money goes to pay for medical expenses and legal expenses. His prison trust account likewise demonstrates very little income. Thus, I will grant petitioner's request to proceed in forma pauperis.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer . . . .

Rule 4, Rules Governing § 2254 Cases. Habeas petitions challenging the petitioner's confinement pursuant to a state court conviction are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute goes on to specify when the 1-year limitation period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

> The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In the present case, petitioner is seeking to vacate a conviction entered in 1990, long before the enactment by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) of the statute of limitations mentioned above. For convictions that became final prior to AEDPA, the statute of limitations began to run on April 24, 1996 – AEDPA's effective date. Thus, in this case, the one-year limitations period likely would have expired on April 24, 1997, and it appears that this habeas petition is untimely. Rule 4 states that when conducting the initial examination of a habeas petition, if the petition is not summarily dismissed, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Therefore, before I order the respondent to answer Stokes's petition, I will order the parties to submit briefs addressing only the issue of timeliness of the federal habeas petition.

**THEREFORE, IT IS ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED.**

**IT IS FURTHER ORDERED** that on or before August 28, 2009, the respondent shall file a brief addressing the timeliness of Stokes's habeas petition.

**IT IS FURTHER ORDERED** that on or before September 28, 2009, Stokes shall file a brief in response to the respondent's brief on the issue of the timeliness of his habeas corpus petition.

3

Dated at Milwaukee, Wisconsin this 24 day of July, 2009.

/s
LYNN ADELMAN
District Judge

4